FINLAY *v.* FINLAY BROTHERS AND WAYMOUTH TRADING CO.

## MOTION to dismiss appeal.

No. 66.—Décided December 20, 1904.

APPEAL—DISMISSAL.—The dismissal of an appeal for failure to comply with the rules of the court is within the sound discretion of the court.

The facts are stated in the opinion.

*Mr. Eduardo Acuña,* for appellant.

*Messrs. Díaz* and *Texidor,* for respondents.

MR. JUSTICE WOLF delivered the opinion of the court.

In this case the appellant appealed from the judgment of the District Court of San Juan in the first part of July. No step was taken to bring the appeal to this court until December 1, 1904. On that day the appellees appeared and moved to dismiss the appeal on the ground that the new rules of this court went into effect on November 1, 1904, and that the appellant had failed to comply with the requirements of rule 50 which provides that he shall file the transcript of record in this court within twenty days from the date on which the appeal is taken.

The motion was argued on December 12, 1904, the attorney for the respondent urging that although Messrs. Díaz and Texidor appeared as opposing attorneys in the court below, yet that Mr. Texidor had been the acting attorney in the case; that Mr. Texidor had been absent in Europe and that his return had been awaited for the purpose of submitting the transcript of the record to him for his approbation and such additions as he might desire; that the papers were being prepared from the first part of October and that he, said attorney for the appellant, had exercised diligence in preparing the record, and he prayed the court by reason of the change in the practice to excuse his default. Counsel further stated in his affidavit that he handed Mr. Texidor a copy of the record

at the same moment in which he was notified of the motion to dismiss. Counsel also referred the court to paragraph 5079 in the third volume of Estee's Pleadings.

The court has examined the rules and practice in the State of California and finds that they are somewhat different from our own.

The Supreme Court of California has in appropriate cases excused an appellant where he was in technical default and a case in instance is the case of *Carter* v. *Paige,* reported in Volume 77 of the California Reports, at page 64, but every case of this character must be governed by its own special circumstances.

Our own rule 64 provides that the court "may dismiss the appeal" on failure of the appellant to comply with the rule. The requirements of rule 50 are liberal in the matter of extension of time and the court will generally insist upon a strict compliance with that rule, but in the case before us, by reason of the time in which the appeal was taken, the efforts of the appellant to comply with the other requirements of the rules, of the very recent time at which they went into effect, and the newness of the practice, will exercise the discretion which it has to overrule the motion to dismiss the appeal.

Chief Justice Quiñones and Justices Hernández, Figueras, and MacLeary concurred.